```
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF KENTUCKY
                           ASHLAND DIVISION


IN RE:

HELPING HANDS, A CHILD LEARNING
AND FAMILY DEVELOPMENT CENTER,
INC.                                        CASE NO. 06-10133

DEBTOR

PHAEDRA SPRADLIN, TRUSTEE                   PLAINTIFF

v.                                          ADV. NO. 07-1017

MOUNTAIN ECONOMIC DEVELOPMENT
FUND AND APPALACHIAN FEDERAL                DEFENDANTS
CREDIT UNION
```

## MEMORANDUM DECISION

This matter having come before the court upon Defendant's Motion for Summary Judgment(DOC 20), and upon Plaintiff's Motion for Summary Judgment (DOC 22),and the matter having been heard by the court on January 4, 2008, the court issues this memorandum decision.

This matter is submitted to the court on the issue of whether Debtor and Borrower "Helping Hands A Child Learning and Family Development Center, Inc."  being abbreviated as "Helping Hands" in a mortgage created an ambiguity as to the identity of the borrower.

FACTS

The facts are not in dispute. On May 1, 2003, "Helping Hands A Child Learning and Family Development Center, Inc." filed its Articles of Incorporation with the Kentucky Secretary of State. On December 26, 2003, "Helping Hands" entered into a mortgage as a borrower with Defendants Mountain Economic Development Fund, Inc. and Appalachian Federal Credit Union in the principal amount of $150,000.00.

The mortgage contained three signature lines. Donna Ward,

Chairwoman, was the individual listed as executing the mortgage on behalf of "Helping Hands." Donna Ward and her husband, Jerry Lee Ward II, individually executed the mortgage as mortgagors.

The mortgage was filed on January 21, 2004 in the Lawrence County Clerk's Office, Louisa, Kentucky in Mortgage Book 163, Page 149.

Debtor is the only organization in Lawrence County, Kentucky that begins its name with "Helping Hands" and is the only organization listed with the Secretary of State that has "Helping Hands" in its name with an officer by the name of Donna Ward.

The Debtor filed Chapter 11 on June 29, 2006. The case was converted to Chapter 7 on April 18, 2007.

LAW

"A corporation is identified by its name, which usually consists of several words. An omission or misdescription of one or more of the words in a corporate name is not so likely to confuse, mislead, or deceive as would be in the case with the name of an individual . . . a corporation may transact business under several different names. Consequently, the misnomer of a corporation generally will not be treated by the courts as material if the identity of the corporation is reasonably clear or can be ascertained by sufficient evidence. In other words, slight departures from the name used by the corporation, such as the omission of a part of its name or the inclusion of additional words, generally will not affect the validity of contracts or other business transactions as long as the identity of the corporation can be reasonably established from the evidence. The intent of the parties controls. . .

Courts have applied this general principle to various types of contracts and transactions, including . . . mortgages . . . deeds and

conveyances." <u>Fletcher CYC 2444 Effect of Misnomer (2007)</u>.

A corporation's use of an abbreviated version of its corporate name, in an instrument conveying property, does not render the instrument invalid, so long as, the certainty of the corporation's identity is preserved. <u>Christian v. Johnson</u>, 556 S.W.2d 172, 174 (Ky. Ct. App. 1977).

<u>ANALYSIS</u>

Here, the parties have stipulated that the Debtor is the only organization in Lawrence County, Kentucky that begins its name with "Helping Hands" and is the only organization listed with the Secretary of State that has "Helping Hands" in its name with an officer by the name of Donna Ward. Thus the use of the abbreviation "Helping Hands" in the mortgage does not prevent proper identification of the Debtor.

This memorandum decision constitutes the court's findings of fact and conclusions of law. A separate order GRANTING Defendants' Motion for Summary Judgment, DENYING Plaintiff's Motion for Summary Judgment, and DISMISSING the adversary proceeding shall be issued in conformity with this memorandum decision.

COPIES TO:

U.S. Trustee
Phaedra Spradlin, Esq.
Valorie D. Smith, Esq.
Erica N. Galyon, Esq.
Elizabeth Lee Thompson, Esq.
John O. Morgan, Jr., Esq.
Chrisandrea Turner Ingram, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge**
**Dated: Tuesday, January 15, 2008**
**(jms)**